**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JUNE 1999 SESSION**

FILED

August 17, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 03C01-9810-CR-00370** |
| Appellee, | ) | |
| | ) | **HAMILTON COUNTY** |
| VS. | ) | |
| | ) | **HON. DOUGLAS A. MEYER,** |
| **DANNY RAY DAVIS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Driving Under the Influence) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JOHNNY D. HOUSTON, JR.**          **PAUL G. SUMMERS**
Flatiron Bldg., Suite 402               Attorney General & Reporter
707 Georgia Ave.
Chattanooga, TN 37402-2048          **ERIK W. DAAB**
                                      Asst. Attorney General
                                      John Sevier Bldg.
                                      425 Fifth Ave., North
                                      Nashville, TN  37243-0493

                                      **WILLIAM H. COX**
                                      District Attorney General

                                      **PARKE MASTERSON**
                                      Asst. District Attorney General
                                      600 Market St.
                                      Chattanooga, TN 37402

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

A jury convicted the defendant of driving under the influence (DUI), third offense, and the defendant received an eleven month, twenty-nine day workhouse sentence. He now appeals, arguing that the jury's verdict is contrary to the weight of the evidence and that the trial court denied his due process rights by not allowing him to recall a State witness. Finding no merit to the defendant's arguments, we affirm his conviction.

At trial, the State presented two witnesses, Officer Ezra Harris, the investigating police officer, and Denise Lawson, a paramedic. Officer Harris testified he responded to a dispatch of a motor vehicle accident in the early morning hours of September 21, 1996. He testified that when he arrived at the scene, he saw a Toyota Corolla registered in the defendant's name that had crashed head-on into a tree. According to Officer Harris, the windshield in front of the driver's seat was stained with blood and looked as if a person's head had smashed against it. Officer Harris testified that no individuals were at the scene, but he located the defendant and his brother-in-law, James Carney, at a nearby house. According to Officer Harris, the defendant admitted he was driving, and both he and Carney denied that anyone else was involved in the accident. Upon Officer Harris' request, the defendant gave him the car keys.

A photograph of the defendant taken shortly after the accident reflects cuts and wounds to his forehead and nose, and Officer Harris testified that the defendant had blood on his face. According to Officer Harris, however, the defendant refused medical treatment. Because the defendant smelled of alcohol, Officer Harris arrested him for DUI. In Officer Harris' opinion, the defendant was too intoxicated to drive, and a later breath test revealed a blood alcohol content of .19%. On cross-examination, Officer Harris testified that he had been trained to determine from a seat belt's appearance whether it

2

had been used during an accident and that in this case, it did not appear the defendant was wearing his seatbelt. Officer Harris testified that even so, the defendant did not appear to have any chest injuries caused by hitting the steering wheel.

Denise Lawson, a paramedic, testified that she responded to the accident scene. She testified that both the defendant and Carney claimed they were the only individuals involved in the accident, but both also denied driving. According to Lawson, the defendant indicated to her he had been drinking. Lawson confirmed that the defendant refused medical treatment, but from talking with him, it did not appear to her that he had any chest injuries. She also testified, however, that it was not unusual for drunk drivers to escape injury in an accident because "their response is a little slower and they don't tend to brace themselves for the accident."

Several defense witnesses testified that during the hours prior to the accident, the defendant had spent time with a friend, Steve Webb. The defendant testified that Webb had been driving him and Carney from a Krystal fast-food restaurant when they crashed. According to the defendant, he was sleeping in the back seat and Carney was riding in the front passenger seat at the time of the crash. He testified that because of a head injury, he did not remember any of the events surrounding the accident, but he was certain that Webb was driving. He also claimed not to have had the car keys. He admitted drinking approximately fourteen beers in the hours preceding the crash. Carney's testimony substantially corroborated the defendant's, in that Carney testified that Webb was driving, that the defendant was in the back seat, and that he was in the front passenger seat. According to Carney, the impact hurled the defendant forward, causing the defendant to land on top of him in the front passenger seat.

The defendant argues that because the weight of the evidence preponderates against the jury's verdict, this Court should reverse his conviction. While

3

a trial court has the authority to reverse a jury's verdict when it determines that the verdict is contrary to the weight of the evidence, see Tenn. R. Crim. P. 33(f), this Court may not reweigh the evidence on appeal, see, e.g., State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Thus, to the extent the defendant argues the jury's verdict is against the weight of the evidence, his argument must fail.

While a defendant may not challenge on appeal the weight of the convicting evidence, he or she may challenge the sufficiency of the convicting evidence. To the extent that the defendant's argument may be construed as a challenge to the sufficiency of the evidence, his argument still fails. The record reflects that the defendant admitted driving on a public road after drinking approximately fourteen beers. Although the defense presented evidence that the defendant was not driving at the time of the accident, the jury was within its province to disregard that evidence in favor of the State's evidence that the defendant was driving. See Cabbage, 571 S.W.2d 832, 835. In short, the evidence, construed in the light most favorable to the State, would allow any rational trier of fact to find the essential elements of DUI beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The defendant also argues that the trial court denied his due process rights by not allowing him to recall Officer Harris to the stand in order to attempt to impeach him. According to the defendant, Officer Harris' testimony was key to his conviction and if he had been allowed to attempt to impeach his credibility, the jury would have acquitted him.

On cross-examination, Officer Harris testified that he had taken photographs of the Corolla at the crime scene, but that they were of poor quality and that he did not bring them to trial. Defense counsel began to question Officer Harris using photographs taken by the defendant, but Officer Harris could not positively identify the car in the photographs. The State objected to defense counsel's questioning unless the

4

photographs could be properly authenticated, and the trial court conducted a jury-out hearing to determine whether Officer Harris could authenticate the photographs. When Officer Harris could not recognize the car in the photographs as the defendant's car, defense counsel requested that Officer Harris retrieve his photographs, even though he admittedly did not subpoena them. Defense counsel argued that the State should have supplied him with the photographs pursuant to his request for discovery, but the State insisted it opened its file to defense counsel and defense counsel had access to everything it had. Officer Harris again stated that the pictures were "very poor quality" because dim lighting prevented anything from being recognizable. Defense counsel maintained that even so, he wanted to see the pictures. The trial court ruled that defense counsel could have access to the photographs after trial.

Later, after several defense witnesses, defense counsel attempted to recall Officer Harris to the stand. Defense counsel represented to the trial court that he had been reviewing the accident report and noticed that on the report, Officer Harris indicated he did not take any photographs of the scene. Defense counsel stated he wanted to recall Officer Harris for the sole purpose of attempting to impeach his prior testimony that he did take photographs. The trial court denied defense counsel's request to recall Officer Harris, stating that he had had his opportunity to cross-examine him. The record shows that defense counsel had the accident report in his possession when he cross-examined Officer Harris and in fact had attempted to impeach his trial testimony on other grounds by using the accident report.

The decision to allow the recall of a witness rests within the trial court's discretion. See State v. Caughron, 855 S.W.2d 526, 539 (Tenn. 1993). Here, the only reason defense counsel wished to recall Officer Harris was to attempt to impeach his previous testimony by using the accident report. As the defendant admits, however, the defense had a copy of the accident report during Officer Harris' testimony and defense

5

counsel even attempted to impeach his testimony in other regards using the accident report. Thus, because defense counsel had ample opportunity to attempt to impeach Officer Harris during cross-examination, the trial court did not abuse its discretion by not allowing the defendant to recall Officer Harris.

Even assuming the trial court abused its discretion, any resulting error is harmless. During the hearing on the defendant's motion for new trial, Officer Harris testified he indicated on the accident report that no photographs were taken because he did not have any photographs "of substantial quality." We must assume that if he had been asked to explain to the jury the seeming discrepancy between his trial testimony and the accident report, Officer Harris would have replied similarly. Moreover, defense counsel cross-examined Officer Harris about other apparent discrepancies between his trial testimony and what he recorded on the accident report. Specifically, Officer Harris testified during trial that the car keys the defendant had given him were bent and that there had been blood on the car windshield, but he did not note either of these details in the accident report because, as he maintained, he had noted only important details on the accident report. Given that Officer Harris had an explanation for indicating on the accident report that no photographs were taken and that defense counsel had attempted to impeach Officer Harris' trial testimony on two other points by using the accident report, we cannot conclude that the jury's verdict was affected by the trial court not allowing defense counsel to recall Officer Harris for the sole purpose of attempting to impeach his credibility further with the accident report. See Tenn. R. Crim. P. 52(a) (error is harmless unless it affirmatively appears to have affected the result of the trial on the merits).

The defendant also suggests that he was deprived of his due process rights when the State failed to produce Officer Harris' photographs despite his motion for discovery requesting, inter alia, photographs of the crime scene. The defendant claims the photographs "could have . . . shown Officer Harris to be untruthful" and "may well

6

have shown" that the driver did not hit the windshield as Officer Harris testified. The defendant fails to cite any authority supporting his position, thus waiving this argument. Rules of the Court of Criminal Appeals of Tennessee 10(b). Moreover, nothing in the record shows that the photographs were exculpatory or otherwise supports the notion that the State violated the rules of discovery. Accordingly, this argument will not afford the defendant relief.

Finding no merit to the defendant's arguments, the trial court's judgment is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
DAVID G. HAYES, Judge


_____
JOHN EVERETT WILLIAMS, Judge